**Affirmed and Majority Memorandum Opinion and Concurring Memorandum Opinion filed November 30, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00221-CV

---

## LUIS DE JESUS RODRIGUEZ AND MARIA RODRIGUEZ, Appellants

## V.

## DAVID MARTINEZ TOVAR, Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-63188**

---

## MEMORANDUM CONCURRING OPINION

While I concur in the judgment and mostly agree with the opinion, I disagree with this court's reasoning for the disposition of the first issue, whether the trial court erred by failing to grant their motion for summary judgment. I say this because the trial court proceeded with a bench trial and ultimately rendered a

judgment after a conventional trial on the merits that stated, "This is a final judgment and is appealable."[1]

We need not decide the timeliness of the motion for summary judgment. Appellants waived any possible complaint by proceeding with the bench trial, and the trial court's final judgment after a conventional trial on the merits disposed of all parties and claims.[2] If there were reversible error in the judgment based on the trial court's consideration of the deemed admissions, then any such error is part of the final judgment after a conventional trial on the merits, not in the trial court's alleged "refusing to grant" the motion for summary judgment.[3] I concur in the judgment.

/s      Charles A. Spain
         Justice


Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., majority).

---

[1] Appellants' first issue is "Did trial court err in refusing to grant Appellants' motion for Summary Judgment based on the Deemed Admission, when said deemed admissions were acknowledged by trial court's order and, where the summary judgment motion became viable on the date of trial, and both oral and urging of written motion were made prior to the entry of evidence at trial?"

[2] Appellants claim they preserved a complaint for appellate review based on the following in their opening statement at the bench trial:

> And so, we ask, Your Honor, that the Court accept the evidence as presented; and we would ask the Court, based on the earlier finding of the summary judgment, we ask the Court to consider that motion.

> We would further urge the Court to take judicial notice, and I'm sure the Court is already aware, judicial notice, I believe it is Exhibits 6 and 7, which are, in fact, the deemed admissions, both the questions and whatnot.

Such a statement does not constitute a complaint in accordance with Texas Rule of Appellate Procedure 33.1(a). *See* Tex. R. App. P. 33.1(a).

[3] The trial court's final judgment implicitly denied the motion for summary judgment.

2